### GORSE et al. v. PARKER.

*(Circuit Court, N. D. Illinois.* May 14, 1888.)

**PATENTS FOR INVENTIONS—NOVELTY—ELASTIC HOSE.**
    Letters patent No. 174,711, granted to Edward Tivey, March 14, 1876, for improvement in elastic hose, (the invention consisting in making an elastic stocking, with a seamless heel, by knitting or weaving a heel-piece which is attached with seams, or by being knitted onto the sides of the stocking so that the seams do not come against the tendon of the heel,) are void for want of novelty; elastic stockings with seamless heels having been common as early as 1870, and the Tivey invention merely changing the seam from the line of the heel-tendon to the sides.

In Equity. Bill for infringement of patent, brought by William Gorse and others against Andrew H. Parker.

*Daniel Blackman,* for complainant.
*Andrew H. Parker, pro se.*

BLODGETT, J.    The bill in this case asks for an injunction and accounting against the defendant by reason of the alleged infringement of letters patent No. 174,711 granted March 14, 1876, to Edward Tivey, for "an improvement in elastic hose." The patentee states in his specifications that up to the time of his invention it had been the practice to make elastic hose or anklets for treating varicose veins with a seam down the backside of the stocking, along the heel-tendon, and that such seam was liable to irritate the skin, and produce soreness and lameness; and the invention consisted in making an elastic stocking with a seamless heel, which was accomplished, as shown in his patent, by knitting or weaving a heel-piece, which was attached with seams, or by being knitted onto the sides of the stocking so that the seams did not come against the tendon of the heel.

The patent has but one claim, which is "the improved elastic hose above described, composed of the leg-piece, and the heel-part E, united as shown." The defense interposed is want of novelty, and under this defense the defendant has offered proof from several witnesses tending to show that it has been common to make elastic stockings with seamless heels since certainly as early as the year 1870; and an anklet with a seamless heel is offered in evidence, which, by the testimony of two witnesses was made as much as 20 years ago. The proof also shows that it has always been usual in the manufacture of elastic stockings of the character described in this patent to make the seams in such way as not to interfere with any sore or tender part of the limb of the wearer; in other words, the seams were located at any place in the stocking where the comfort or convenience, or the purposes for which the stocking was worn, required. Stockings of this character are made by first weaving or knitting a blank of the desired size and shape to make the stocking, and the edges of this blank are then brought together and united by a seam so as to form a garment; and it hardly needs proof, and would occur to any person, perhaps as a matter of common knowledge, that in any garment made of textile material, united by seams, the seams can be located wherever the manufacturer sees fit to put them. In the light of this proof, and what I may say is our common knowledge in reference to the matter of locating seams in garments, I cannot conceive that there was any novelty in this patentee's method of making heelless, elastic hose. All that was done was to change the location of the seam from the line of the heel-tendon to the sides, and in fact to insert a heel-piece instead of continuing the seam down the back of the stocking. The bill is therefore dismissed for want of equity.